**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

**DEBORAH DERRY,**

      **Plaintiff,**

    **v.**

**TD BANK N.A.,**

      **Defendant.**
_____

**CIVIL ACTION**
**NO.  4:22-40025-TSH**

### ORDER AND MEMORANDUM ON PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF (Docket No. 10)

**March 23, 2022**

**HILLMAN, D.J.**

Plaintiff Deborah Derry, proceeding *pro se*, commenced this action against defendant TD Bank N.A. ("TD Bank"), alleging that TD Bank is unlawfully attempting to foreclose on her property.  On March 22, 2022, Derry filed an emergency motion for a preliminary injunction. (Docket No. 10).  Derry represents that TD Bank has issued a notice that it intends to sell her property at a public auction on March 24, 2022.  Because Derry has not made the requisite showing of a likelihood of success on the merits, her request for emergency injunctive relief is ***denied***.

### Background

The following facts are drawn from Derry's complaint, motion for emergency relief, and supporting documents.  *See Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 25 (1st Cir. 2020).

Derry alleges that, in 2009, she and her ex-husband signed paperwork for a mortgage through TD Bank for a property in Oxford, Massachusetts.  Among the papers was a promissory note.  The note, which is attached to Derry's complaint, states that in return for a loan, Derry and

her ex-husband promise to pay $284,200, plus interest, to TD Bank.  The note explicitly provides that TD Bank may transfer the note.

Derry alleges that, because only she and her ex-husband signed the promissory note, it is a one-sided contract, and thus became a negotiable instrument.  Derry alleges that TD Bank, without disclosing its planned course of action, deposited the note into a transaction account in her and her ex-husband's names.  Derry alleges that she and her ex-husband did not give TD Bank authority to open a transaction account in their names.  Derry alleges that, thereafter, TD Bank wrote a check from the transaction account to give to someone else; then, TD Bank sold the note to another party. Derry claims that, through TD Bank's sale of the note, she and her ex-husband paid the balance of the note in full.

Derry alleges that, in 2014, her ex-husband signed full ownership of the Oxford property to her via quitclaim deed.  Derry attached the quitclaim deed to the complaint.  Derry alleges that, in 2015, she remarried and spoke with someone at TD Bank to start the process of removing her ex-husband from all paperwork.  Derry alleges that, in 2022, an attorney on behalf of TD Bank sent Derry a non-judicial foreclosure notice, stating that the Oxford property would be sold at 11 A.M. on March 24, 2022.  Derry alleges that she has sent numerous letters TD Bank's attorney without a "real" response or remedy.

Derry also alleges that she has a commercial lien on the Oxford property.  According to documents attached to Derry's complaint, in January 2022, Derry signed a UCC financing statement, naming herself as both the debtor and secured party.  Derry also signed a commercial security agreement, listing herself as the debtor, and an express trust organization called "Deborah Ann Derry" as the secured party creditor.  In February 2022, Derry signed a private security agreement, again naming herself as both the debtor and secured party.

Derry alleges that, because TD Bank sold the note and failed to disclose its intention to do so, the mortgage agreement is null and void, as violative of 12 C.F.R. 226.17, the disclosure requirements promulgated pursuant to the Truth in Lending Act.  Derry also alleges that TD Bank has violated M. G. L. c. 93A.  Derry alleges that TD Bank is attempting to illegally foreclose on her property.

Derry elaborates on her claims in a document labeled as an affidavit submitted to the Court. She states that she believes TD Bank has sold the original note and failed to credit her account for the sale.  She further states that she believes TD Bank has no legal right to foreclose on her property.  Further, Derry represents that she tendered a lawful note to TD Bank to settle the debt, but that TD Bank has refused to "zero" her account.

Derry commenced this action on March 15, 2022.  (Docket No. 1).  She moved for leave to proceed in forma pauperis.  (Docket No. 3).  Because she had already paid the filing fee, her motion to proceed in forma pauperis was denied, and she was directed to serve the summons and complaint pursuant to Fed. R. Civ. P. 4.  (Docket No. 7).  On March 21, 2022, Derry filed proof of service, representing that she served an individual named Duane Morris, who is designated by law to accept service of process on behalf of TD Bank, via USPS Express Overnight, signature required, on March 17, 2022.  (Docket No. 17).  Derry represented that the summons was delivered to a mailbox in Portland, Maine, and that a waiver of signature was exercised at time of delivery. On March 22, 2022, Derry filed the instant motion for emergency injunctive relief.  (Docket No. 10).  TD Bank has not yet appeared in the action.

## Discussion

The Court may issue a preliminary injunction "only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  It is not clear whether Derry provided TD Bank with sufficient notice of this

motion.  As mentioned, Derry represents that she served TD Bank with the summons on March

17, 2022 (six days ago), but an attorney has not yet entered an appearance on TD Bank's behalf.[1]

The Court will construe Derry's motion as a request for a temporary restraining order.  *See*

*McKenzie v. Option One Mortgage*, 321 F. Supp. 3d 186, 188 (D. Mass. 2018).[2]  A temporary

restraining order may issue without notice to an adverse party under certain circumstances.  *See*

Fed. R. Civ. P. 65(b)(1).[3]  To obtain preliminary injunctive relief, Derry must establish (1) that she

is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of

preliminary relief, (3) that the balance of the equities tips in her favor, and (4) that an injunction is

in the public interest.  *See Voice of the Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645

F.3d 26, 32 (1st Cir. 2011).  Likelihood of success on the merits is the "touchstone" of the inquiry.

*See Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir. 1998).  Without demonstrating

---

[1] The validity of Derry's service of process is questionable.  Again, as mentioned, she represents that she served the summons to an individual named Duane Morris via USPS Express Overnight, signature required.  She does not provide the address to which she mailed the summons, but she represents that the mail was delivered to the "mailbox" and a "waiver of signature was exercised at time of delivery."  According to Derry's representations in other documents, Duane Morris is an attorney representing TD Bank.

[2] Rule 65 permits emergency injunctive relieve before service of process.  *See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012).

[3] Rule 65(b)(1) permits the issuance of a temporary restraining order without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Derry's papers, although notarized, lack statements to the effect that they are made under the pains and penalties of perjury, and thus do not constitute affidavits or a verified complaint.  *See Gill v. Nakumura*, 2015 WL 5074475, at *3 (D. Mass. Jul. 24, 2015).  Construing Derry's papers liberally, however, Derry represents that TD Bank is about to foreclose on her property, which would constitute irreparable injury.  *See Sundance Land Corp. v. Community First Federal Sav. And Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988); *Shvartser v. Lekser*, 308 F. Supp. 3d 260, 267 (D.D.C. 2018).  Moreover, Derry represents that she has had, or attempted, multiple contacts with TD Bank's attorney, but that TD Bank has been unwilling to meaningfully engage.

a likelihood of success on the merits, "the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Derry's precise claims are difficult to discern, but a few themes emerge from her papers. First, Derry contends that TD Bank impermissibly sold her note to a third party, without having informed her that it could (or would) do so. This assertion is refuted by the promissory note itself. The note provides, "I understand the Lender may transfer this Note." Based on the current record, the Court finds that Derry is not likely to succeed on a claim that TD Bank unlawfully transferred the note, or that TD Bank failed adequately to disclose its ability to transfer the note.

Second, Derry argues that she effectively paid the note in full through TD Bank's action of transferring of the note to a third party. The Court is unaware of any legal authority to support Derry's argument -- to the extent the Court is construing it correctly -- that a lender's transfer of a note releases a borrower's obligation to pay the balance of the note.

Third, Derry asserts that, because TD Bank sold the note, TD Bank has no legal right to foreclose on her property. To the extent TD Bank transferred the *mortgage* on Derry's property, that may be true. *See Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 38 (1st Cir. 2014). But as the record stands, there is no indication that TD Bank indeed transferred Derry's mortgage. Injunctive relief is "an extraordinary and drastic remedy," *Voice of the Arab World, Inc.*, 645 F.3d as 32, and the movant bears the burden of establishing that relief is warranted, *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003). The record does not support a finding that Derry is likely to succeed on a claim that TD has no legal right to foreclose on her property.

Fourth, Derry contends that she tendered a lawful note to TD Bank to settle her debt, but that TD Bank has refused to "zero" her account. This could *possibly* violate M. G. L. c. 244, § 35A, which gives a mortgagor of property in Massachusetts a 90-day right to cure a default before

foreclosure proceedings may begin.  *See U.S. Bank Nat. Ass'n v. Schumacher*, 5 N.E.3d 882, 884 (Mass. 2014).  But Derry has provided little information on the timeline of events related to her foreclosure.  She represents only that TD Bank "[in] 2022" sent her a notice of its intention to sell her property at auction.  It is not clear from the record when (or if) Derry defaulted on her loan, when (or if) TD Bank sent Derry a notice of her right to cure her default, and when (or if) the 90-day period expired.  To the extent Derry is claiming a violation of her right to cure under M. G. L. c. 244, § 35A, the Court cannot conclude from the current record that she is likely to succeed on such a claim.  Finally, despite Derry's citation to M. G. L. c. 93A, the Court cannot discern from the current record how TD Bank's actions violated that statute.

While a foreclosure sale can constitute irreparable harm, *see Shvartser v. Lekser*, 308 F. Supp. 3d 260, 267 (D.D.C. 2018), Derry has not demonstrated a likelihood of success on the merits of her complaint.  As the likelihood of a movant's success is the "touchstone" of the preliminary injunction inquiry, *see Philip Morris, Inc.*, 159 F.3d at 674, Derry's motion must be denied.

<u>Conclusion</u>

For the reasons stated, Derry's emergency motion for injunctive relief (Docket No. 10) is ***<u>denied</u>***.

**SO ORDERED**

*<u>/s/ Timothy S. Hillman</u>*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

6